1 | JULIE A. DUNNE, Bar No. 160544
jdunne@littler.com
2 | MATTHEW B. RILEY, Bar No. 257643
mriley@littler.com
3 | LITTLER MENDELSON, P.C.
501 W. Broadway
4 | Suite 900
San Diego, California  92101.3577
5 | Telephone: 619.232.0441
Facsimile: 619.232.4302
6 |
7 | Attorneys for Defendant
Target Corporation

8 |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ARMANDO DE LA CRUZ, individually and on behalf of all others similarly situated, | Case No. **'18 CV 0867 DMS WVG** |
|---|---|
| | (San Diego Superior Court Case No. 37-2018-00011389-CU-OE-CTL) |
| Plaintiff, | **DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** |
| v. | |
| TARGET CORPORATION and DOES 1 through 100, inclusive, | |
| Defendant. | Complaint Filed:  March 6, 2018 |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S NOTICE OF REMOVAL
TO FEDERAL COURT

1.

TO THE CLERK OF THE ABOVE-ENTITLED COURT, TO PLAINTIFF ARMANDO DE LA CRUZ, AND TO HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Target Corporation ("Defendant"), for itself only, hereby removes the stat- court action described herein, filed by Plaintiff Armando De La Cruz ("Plaintiff") in the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446. Defendant makes the following allegations in support of its Notice of Removal:

## I.    STATEMENT OF JURISDICTION

1.    This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice of Removal.

## II.    VENUE

2.    Plaintiff originally brought this action in the Superior Court of the State of California, County of San Diego. Therefore, venue lies in the Southern District of California pursuant to 28 U.S.C. §§ 84(d), 1441(a), and 1446(a).

## III.    PLEADINGS, PROCESS, AND ORDERS

3.    On March 6, 2018, Plaintiff filed an unverified Class Action Complaint against Defendant and various Doe defendants in the San Diego County Superior Court entitled *Armando De La Cruz, individually and on behalf of all others similarly situated, Plaintiff, v. Target Corporation and DOES 1 through 100, inclusive, Defendants*, designated as Case No. 37-2018-00011389-CU-OE-CTL (hereinafter, the

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S NOTICE OF REMOVAL
TO FEDERAL COURT

2.

"Complaint").  (*See* Declaration of Matthew B. Riley in Support of Defendant Target Corporation's Notice of Removal to Federal Court ["Riley Decl."], ¶ 2.)

4.      The Complaint asserts the following causes of action: (a) Failure to Timely and Properly Provide Rest Periods (Cal. Labor Code §§ 512, 226.7, and Wage Order No. 7); (b) Failure to Accurately Itemize and Report Wages, Hours, and Pay Rates (Cal. Labor Code § 226 and Wage Order No. 7); (c) Failure to Pay All Earned Wages at Termination (Cal. Labor Code § 203); and (d) Unfair Business Practices (Cal. Bus. & Prof. Code § 17200, *et seq.*).  The allegations in the Complaint are incorporated into this Notice of Removal by reference without admitting the truth of any of them.

5.      On April 4, 2018, Defendant was served the Complaint, along with copies of the Summons, a Civil Case Cover Sheet, a Notice of Case Assignment and Case Management Conference on Mandatory eFile Case, and an Alternative Dispute Resolution Information packet, through Defendant's registered agent for service of process, C T Corporation System.  Attached hereto as **Exhibit A** is a true and correct copy of the Complaint filed in the San Diego County Superior Court and served by Plaintiff through C T Corporation Systems.  (Riley Decl., ¶¶ 2-3.)

6.      Attached hereto as **Exhibit B** are true and correct copies of the Summons, the Civil Case Cover Sheet, Notice of Case Assignment and Case Management Conference on Mandatory eFile Case, and Alternative Dispute Resolution Information packet served by Plaintiff through C T Corporation System. (Riley Decl., ¶ 3.)

7.      On May 1, 2018, Defendant filed an Answer in the San Diego County Superior Court and served a copy of that Answer on Plaintiff's counsel of record. Attached hereto as **Exhibit C** is a true and correct copy of Defendant's Answer. (Riley Decl., ¶ 4.)

8.      To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the San Diego County Superior Court or served

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

3.

by any party other than as described above.   To Defendant's knowledge, no proceedings related hereto have been heard in the San Diego County Superior Court. (Riley Decl., ¶ 5.)

## IV.    TIMELINESS OF REMOVAL

9.     An action may be removed from state court by filing a notice of removal – together with a copy of all process, pleadings, and orders served on the defendant – within thirty days of defendant receiving service of the initial pleading.  *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the thirty-day removal period runs from the service of the summons and complaint).

10.    Removal of this action is timely because this Notice of Removal has been filed within thirty days from April 4, 2018, when Defendant was served with the Summons and Complaint.  *See* 28 U.S.C. § 1446(b).  Because Plaintiff personally served the Summons and Complaint upon Defendant's agent for service of process on April 4, 2018, the thirty-day period for removal runs through May 4, 2018.  As referenced above, this Notice of Removal also contains all process, pleadings and orders that were served on Defendant, and the Answer filed and served by Defendant on May 1, 2018.  *See* Exhibits A-C.

## V.    CAFA JURISDICTION

11.    CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d).  CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446.  As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Notice of Removal.

/ / / /

/ / / /

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

4.

A.    **This is a Class Action.**

12.    Plaintiff filed this action as a class action.  (Complaint, ¶¶ 10-15.)

B.    **The Proposed Class Contains At Least 100 Members.**

13.    The provisions of CAFA apply to proposed class actions involving 100 individuals or more.  28 U.S.C. § 1332(d)(5)(B).  This requirement is easily met in this case.

14.    Plaintiff seeks to represent a class consisting of all of Defendant's California employees employed between March 6, 2014 up to and including the present, who Defendant classified as non-exempt.  (Complaint, ¶ 10.)  Plaintiff concedes that the class covers "well over 1,000" employees.  (*Id.* at ¶ 11.)  Thus, the 100-person or more CAFA requirement is satisfied.

C.    **Defendant Is Not A Governmental Entity.**

15.    CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."  28 U.S.C. § 1332(d)(5)(B).

16.    Defendant is a corporation, not a state, state official or other government entity exempt from CAFA.

D.    **There Is Diversity Between At Least Putative One Class Member And One Defendant.**

17.    CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. §§ 1332(d)(2)(A); 1453(b).  In a class action, only the citizenship of the named parties is considered for diversity purposes and not the citizenship of the unnamed putative class members.  *See Snyder v. Harris*, 394 U.S. 332, 339-40 (1969).  Additionally, for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal.  *See Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).  Minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of different states.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT    5.

18.    For diversity purposes, a person is a "citizen" of the state in which he is domiciled.  *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that person's domicile is the place he resides with the intention to remain).  Furthermore, allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship.  *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Overholt v. Airista Flow Inc.*, No. 17cv1337-MMA (AGS), 2018 WL 355231, at *4 (S.D. Cal. Jan. 10, 2018) (citations omitted).

19.    Here, at the time Plaintiff commenced this action and, upon information and belief, at the time of removal, Plaintiff resided in the State of California. (Complaint, ¶ 3 ("Plaintiff resides in San Diego County.")).

20.    Defendant is now, and was at the time the Complaint was filed, a citizen of a state other than the State of California within the meaning of 28 U.S.C. § 1332(c)(1) because Defendant is now, and was at the time the Complaint was filed, a corporation organized under the laws of the State of Minnesota with its principal place of business in the State of Minnesota.  (*See* Declaration of Michael Brewer in Support of Defendant Target Corporation's Notice of Removal to Federal Court, ¶ 3.) The majority of Defendant's executive and administrative functions are performed, and the majority of Defendant's executive and administrative officers are located, in the State of Minnesota.  (*See id.*)

21.    The presence of Doe defendants in this case has no bearing on diversity with respect to removal.  *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). / / / /

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT                6.

22.     Accordingly, the named Plaintiff is a citizen of a state different from Defendant, and diversity exists for purposes of CAFA jurisdiction.   *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

**E.     The Amount In Controversy Exceeds $5,000,000.**[1]

23.     The removal statute requires a defendant seeking to remove a case to federal court to file a notice "containing a short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a).  In *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014), the Supreme Court recognized that "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required.  *Id.* at 554.  "[T]he defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court diversity jurisdiction. *Id.* at 553.

24.     For purposes of determining whether the amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on his claims.   *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F. 3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability.").   The ultimate inquiry is what amount is put "in controversy" by the allegations of a plaintiff's complaint, not what a defendant might actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000,

---

[1] The alleged penalty calculations contained herein are for purposes of removal only. Defendant expressly denies that Plaintiff or the putative class is entitled to any relief whatsoever, and Defendant expressly reserves the right to challenge Plaintiff's claims for damages, penalties or other relief in this case.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT

7.

1  defendants "are still free to challenge the actual amount of damages in subsequent

2  proceedings and at trial" because they are only estimating the amount in controversy).

3      25.    Defendant denies the validity and merit of the entirety of Plaintiff's

4  claims, the legal theories upon which they are ostensibly based, and the claims for

5  monetary and other relief that flow therefrom.   For purposes of removal only,

6  however, and without conceding that Plaintiff or the putative class are entitled to any

7  damages or penalties whatsoever, it is readily apparent that the allegations of

8  Plaintiff's Complaint establishes that the amount in controversy exceeds CAFA's

9  jurisdictional minimum of $5,000,000.

10     26.    Here, Plaintiff does not allege the amount in controversy in his

11 Complaint.   In the Prayer for Relief, Plaintiff seeks, *inter alia*, "premium wages for

12 untimely, abbreviated, and/or missed rest breaks" and "waiting time penalties

13 according to proof pursuant to Labor Code § 203."   (Complaint, Prayer for Relief,

14 ¶¶ 4, 7.)

15     27.    When, as here, the plaintiff's complaint does not state the amount in

16 controversy, the defendant's notice of removal may do so.   Defendant's notice of

17 removal must simply include "a plausible allegation that the amount in controversy

18 exceeds the jurisdictional threshold."  *Dart*, 135 S. Ct. at 554.

19     28.    By way of his Third Cause of Action, Plaintiff seeks waiting time

20 penalties pursuant to California Labor Code § 203.  (Complaint, ¶ 32.)  The statute of

21 limitations for Plaintiff's waiting time penalty claim is three years.  *See Pineda v.*

22 *Bank of Am., N.A.,* 50 Cal. 4th 1382, 1935 (2010) ("[N]o one disputes that when an

23 employee sues to recover both unpaid final wages and the resulting section 203

24 penalties, the suit is governed by the same three-year limitations period that would

25 apply had the employee sued to recover only the unpaid wages.").

26     29.    Plaintiff demands up to thirty days of pay as penalty for not paying all

27 wages due at the time of termination for the putative class.  (Complaint, ¶ 32.)

28 Penalties under California Labor Code § 203(a) are calculated at an employee's final

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT

8.

daily rate of pay (*i.e.*, the employee's final wage rate times the employee's average shift length) times the number of days of waiting time penalties (up to 30 days). *Mamika v. Barca*, 68 Cal. App. 4th 487, 491-93 (1998).

30.    On March 6, 2017, a separate class action lawsuit against Defendant was filed in the Los Angeles County Superior Court entitled *Corbin Halley, as an individual and on behalf of all others similarly situated, Plaintiffs, v. Target Corporation, a Corporation, and DOES 1 through 50, inclusive, Defendants*, designated as Case No. BC653367 (hereinafter "*Halley*").  A true and correct copy of the complaint in *Halley* is attached as Exhibit 1 to Defendant's Request for Judicial Notice in Support of Defendant Target Corporation's Notice of Removal to Federal Court (hereinafter "RJN").  (Riley Decl., ¶ 6.)

31.    In part, the complaint in *Halley* alleges that Defendant "regularly required employees to work through their rest periods without proper compensation and denied Plaintiff and their employees the right to take proper rest periods as required by law.  Specifically, Defendants regularly required all of its employees to remain on Defendants' premises during rest breaks, and further, required its Loss Prevention employees to carry their radios and respond to calls during their rest breaks." (*Halley* Complaint, RJN Exh. 1, ¶¶ 40-41.)

32.    The plaintiff in *Halley* seeks to represent a putative class consisting of "[a]ll non-exempt employees who were employed by Defendants in the State of California at any time from March 6, 2013 through the present," as well as a putative "Rest Period Subclass" consisting of "[a]ll non-exempt employees who were employed by Defendants in the State of California at any time from March 6, 2013 through the present and who worked three and one-half (3.5) hours or more in any work shift." (*Id.* at ¶¶ 17, 17.a.)

33.    The plaintiff in *Halley* seeks to recover, *inter alia*, rest period premium compensation pursuant to California Labor Code § 226.7 and waiting time penalties pursuant to California Labor Code § 203.  (*Id.* at ¶ 43, Prayer for Relief ¶ 5.)

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT

9.

34.    On April 14, 2017, Defendant removed *Halley* to the United States District Court for the Central District of California pursuant to CAFA, and the action was later assigned Case No. 17-cv-00692-JGB-MRW.    (Riley Decl., ¶ 7.)    In removing *Halley*, Defendant analyzed the number of putative class members and amount in controversy for the waiting time penalty claim in that case.    Specifically, Defendant analyzed time punch and wage rate data for Defendant's non-pharmacist hourly employees in California for the time period from March 6, 2014 through December 31, 2016. (*See* Defendant Target Corporation's Notice of Removal of Civil Action filed in *Halley* ["*Halley* Removal"], attached as Exhibit 2 to Defendant's RJN, ¶¶ 12-13; Declaration of Michael Brewer in Support of Defendant Target Corporation's Notice of Removal of Civil Action filed in *Halley*, attached as Exhibit 3 to Defendant's RJN, ¶¶ 5-8; Declaration of Paul F. White, Ph.D., in Support of Defendant Target Corporation's Notice of Removal of Civil Action filed in *Halley* ["White Decl."], attached as Exhibit 4 to Defendant's RJN, ¶¶ 4-9.)

35.    For purposes of determining the amount in controversy as to the claim for waiting time penalties alleged in *Halley*, Defendant established that (a) the total number of team members whose employment with Defendant ended between March 6, 2014 to December 31, 2016 was 96,886; (b) the average of the most recent hourly wage rate for all of these individualized was $11.27; and (c) the average number of hours worked per day by these 96,886 team members during this time period was 6.07 hours.  (*Halley* Removal, RJN Exh. 2, ¶ 13; White Decl., RJN Exh. 4, ¶¶ 4-5.)

36.    Based on these figures, Defendant established that the amount placed in controversy by the claim for waiting time penalties in *Halley* was $198,835,941. (*Halley* Removal, RJN Exh. 2, ¶ 12; White Decl., RJN Exh. 4, ¶¶ 4-5.)

37.    The putative class alleged by Plaintiff in this case is completely subsumed by the *Halley* putative class.    Specifically, the *Halley* putative class is comprised of all non-exempt employees of Defendant in the State of California from March 6, 2013 to the present, and the putative class in this case is comprised of all

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT

10.

non-exempt employees of Defendant in the State of California from March 6, 2014 to the present. (*Compare Halley* Complaint, RJN Exh. 1, ¶ 17, *with De La Cruz* Complaint, ¶ 10.)

38.     The rest break claim at issue in the *Halley* case is the same as the rest break claim at issue in this case. Specifically, both the plaintiff in *Halley* and Plaintiff here allege Defendant failed to provide lawful rest breaks because Defendant's policy called for on-premises rest breaks. (*Compare Halley* Complaint, RJN Exh. 1, ¶ 41, *with De La Cruz* Complaint, ¶ 9.) Therefore the evidence of the amount placed into controversy by the *Halley* Complaint – $198,835,941 – is sufficient to establish that the amount placed into controversy in this case exceeds the CAFA jurisdictional requirement of $5,000,000.

39.     Defendant acknowledges that evidence pertaining to the amount placed into controversy by the waiting time penalty claim in *Halley* was based on data dating from March 6, <u>2014</u> to December 31, 2016, and that the statute of limitations for the waiting time penalty claim in this case runs only from March 6, <u>2015</u> to the present. Nonetheless, even if the Court relied only on a proportionate share of the amount placed into controversy by the waiting time penalty claim in this case, the evidence confirms that more than $,000,000 is at issue in this case.

40.     Specifically, the amount in controversy for waiting time penalties in the instant action can be estimated by looking only at the nearly 22-month period of time for which the waiting time penalties claims in the instant action and *Halley* overlap (*i.e.*, March 6, 2015 to December 31, 2016). This nearly 22-month period of time amounts to approximately 64.63% (667 out of 1,032 days) of the March 6, 2014 to December 31, 2016 time period considered in *Halley*. Thus, Defendant alleges that the amount in controversy for the waiting time penalties claim in the instant action is at least $128,507,669 (64.63% of $198,835,941).

41.     Under either calculation, the estimated amount in controversy for Plaintiff's waiting time penalty claim far exceeds the CAFA jurisdictional requirement

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT                    11.

of $5,000,000.  *See* 28 U.S.C. § 1332(d)(2).  Accordingly, although Defendant fully denies Plaintiff's claims of wrongdoing as alleged in his Complaint, the jurisdictional minimum is satisfied for purposes of determining the amount in controversy, as it readily exceeds the $5,000,000 threshold required under CAFA.[2]

## VI.    NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT

42.    Following the filing of this Notice of Removal in the United States District Court for the Southern District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, Stanley D. Saltzman and Cody R. Kennedy of Marlin & Saltzman, LLP, and Emil Davytyan of Davytan, PLC, and a copy of the Notice of Removal will be filed with the Clerk of the San Diego County Superior Court in accordance with 28 U.S.C. § 1446(d).  (Riley Decl., ¶ 8.)

WHEREFORE, Defendant hereby removes this action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California.

Dated:    May 4, 2018                           LITTLER MENDELSON, P.C.


By:    */s/ Matthew B. Riley*
_____
JULIE A. DUNNE
MATTHEW B. RILEY
Attorneys for Defendant
Target Corporation

Firmwide:154397420.2 097721.1001

---

[2] Defendant's amount in controversy allegations do not take into account Plaintiff's direct claim for rest period premiums or derivative wage statement claim, nor does it consider the full time period at issue in Plaintiff's claim for waiting time penalties. Obviously, inclusion of those claims would increase the amount in controversy.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT                    12.

*De La Cruz v. Target Corporation*
USDC Southern District Case No.

## INDEX OF EXHIBITS

### TO

### DEFENDANT TARGET CORPORATION'S
### NOTICE OF REMOVAL TO FEDERAL COURT
### PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

| EXHIBIT NO. | DATE | DESCRIPTION | PAGE NO. |
|---|---|---|---|
| Exhibit A | 3/6/18 | Complaint | 14-24 |
| Exhibit B | 4/4/18 | Summons, the Civil Case Cover Sheet, Notice of Case Assignment and Case Management Conference on Mandatory eFile Case, and Alternative Dispute Resolution Information packet served by Plaintiff through C T Corporation System | 25-33 |
| Exhibit C | 5/1/18 | Defendant's Answer To Plaintiff's Unverified Class Action Complaint | 34-49 |

Firmwide:154442439.1 097721.1001

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

INDEX OF EXHIBITS TO DEFENDANT
TARGET CORPORATION'S NOTICE OF
REMOVAL TO FEDERAL COURT

13.



**Exhibit A**

**Page 14**

**MARLIN & SALTZMAN, LLP**
Stanley D. Saltzman, Esq (SBN 90058)
Cody R. Kennedy, Esq (SBN 296061)
29800 Agoura Rd,, Suite 210
Agoura Hills, California   91301
Telephone:      (818) 991-8080
Facsimile:      (818) 991-8081
ssaltzman@marlinsaltzman.com
ckennedy@marlinsaltzman.com

**DAVTYAN, PLC**
Emil Davtyan, Esq. (SBN 299363)
21900 Burbank Boulevard, Suite 300
Woodland Hills, California   91367
Telephone:      (818) 992-2935
Facsimile:      (818) 975-5525
Emil@davtyanlaw.com

Attorneys for Plaintiff ARMANDO DE LA CRUZ, individually
and on behalf of the Proposed Class

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**03/06/2018** at 04:37:00 PM

Clerk of the Superior Court
By Valeria Contreras, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| ARMANDO DE LA CRUZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO: 37-2018-00011389-CU-OE-CTL<br><br>**CLASS ACTION**<br><br>COMPLAINT FOR:<br>1. Failure to Timely and Properly Provide Rest Periods (Labor Code §§ 512, 226.7, and Wage Order No. 7);<br>2. Failure to Accurately Itemize and Report Wages, Hours, and Pay Rates (Labor Code § 226 and Wage Order No. 7);<br>3. Failure to Pay All Earned Wages at Termination (Labor Code § 203);<br>4. Unfair Business Practices (Bus. & Prof. Code §§ 17200, e*t seq.*)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ARMANDO DE LA CRUZ ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action against TARGET CORPORATION ("Defendant") for rest period wages, waiting time damages, damages for failure to accurately report wages, hours, and pay rates,

penalties under the California Labor Code, and for restitution and injunctive relief as follows:

## INTRODUCTION

1.  This complaint challenges Defendant's systemic unlawful employment practices resulting in violations of the California Labor Code, applicable regulations, and California's Unfair Competition Law ("UCL"). Specifically, Defendant's policies and practices force employees to routinely remain under the control of Defendant during purported "rest breaks". As such, Defendant's policies and practices result in widespread violations of California's law.

## JURISDICTION AND VENUE

2.  The Court has jurisdiction over the violations of the California Labor Code §§ 201-204, 226, 226.7, 227.3, IWC Wage Order No. 7, and the UCL.

3.  Venue is proper because Plaintiff resides in San Diego County, Defendant does business in San Diego County, and the events giving rise to Plaintiff's claims took place in San Diego County.

## PARTIES

4.  Plaintiff Armando De La Cruz was employed by Defendant as a non-exempt employee in San Diego, California, during the relevant time period and until July 11, 2017. Throughout his employment, Plaintiff was denied the opportunity to take required rest breaks and was instead forced to remain subject to Defendant's rules, requirements, and control during all purported "rest breaks."

5.  Defendant Target Corporation is a Minnesota corporation with its principal place of business located in Minneapolis, Minnesota.  Defendant regularly does business in the State of California.

6.  Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 100, inclusive, and for that reason, said Defendants are sued under such fictitious names. Plaintiff will seek leave to amend this complaint when the true names and capacities are known.

7.  Plaintiff is informed and believes, and based thereon alleges, that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein. At all times herein mentioned, each Defendant participated in the doing of the acts alleged to have been done by the named Defendant, and furthermore, all

Defendants were the agents, servants and employees of each of the other Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment. At all relevant times, Defendants were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

**FACTUAL ALLEGATIONS**

8.   Defendant is a large retailer that sells everyday essentials – from toiletries to electronics – to consumers. Defendant primarily staffs its stores with non-exempt employees. These non-exempt employees are subjected to Defendant's uniform employment policies, including those that violate California labor law.

9.   Defendant engages in a policy and practice of providing purported "rest breaks" to Plaintiff and Class Members where Defendant does not actually relinquish control over Plaintiff and the Class Members. As a matter of policy Plaintiff and Class Members are uniformly not permitted to leave "Target property" during their rest breaks, under any circumstances whatsoever.  Plaintiff and the Class, specifically, were denied the opportunity to take legally mandated rest breaks because they were required to remain subject to Defendant's prohibition against leaving company property and were thereby denied the freedom to use their breaks in a manner they saw fit.

**CLASS ACTION ALLEGATIONS**

10.  Plaintiff seeks class certification, pursuant to California Code of Civil Procedure § 382, on behalf of the following class:

> All of Defendant's California employees employed during the time frame commencing four years prior to the filing of the original complaint in this matter up to and including the present (the "Class Period"), who Defendant classified as non-exempt.

Additionally, Plaintiff seeks to represent a subclass consisting of:

> All members of the foregoing Class whose employment with Defendant terminated during the Class Period. (hereinafter referred to as the "Separated Employee Subclass")

Complaint                                              **Page 17**

Excluded from the Classes are Defendant, its owners, directors, officers, executives, and all management personnel whose responsibility it was to maintain and/or enforce the policies, procedures, customs and/or business practices complained of herein.

11. **Numerosity:** Plaintiff alleges that there are well over 1,000 current and former employees of Defendant who constitute the putative class. The members of the class are so numerous that joinder of all members would be impractical, if not impossible.

12. **Adequacy of Representation:** The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

13. **Common Question of Law and Fact:** There are predominant common questions of law and fact and a coherent community of interest between Plaintiff and the claims of the Class, concerning Defendant's treatment of them, including, but not limited to:

    a. Whether Defendant violated California Labor Code and applicable wage orders by failing to provide daily rest periods to non-exempt employees for every four hours or major fraction thereof worked and failing to compensate said employees one hour's wages in lieu of rest periods;

    b. Whether Defendant's written policy requiring that all employees remain on company premises during their purported "rest breaks" constituted a violation of the California Labor Code and/or the applicable IWC wage order;

    c. Whether Defendant failed to pay premium wages required by the Wage Order's rest break regulations;

    d. Whether Defendant failed to pay all earned wages at the time of termination of employment;

    e. Whether Defendant failed to provide class members with accurate itemized pay statements;

    f. Whether the Defendant's actions, as alleged herein, were unlawful and constitute unfair

1    and/or unlawful business practices.

2    14. **Typicality:**  Plaintiff's claims are typical of the claims of all members of the class in that

3    Plaintiff has suffered the harms alleged in this Complaint in a similar and typical manner as the class

4    members.  Plaintiff was denied the opportunity to take rest periods in compliance with California law.

5    Plaintiff also was denied reporting time pay when Plaintiff was scheduled to work, reported for work,

6    but was not permitted to work at least half his scheduled shift.  Plaintiff was not paid his final wages in a

7    timely fashion and Defendant did not provide accurate itemizations of the hours worked, the rates of

8    pay, wages earned, net wages earned, the hours and wages earned in proper pay periods in violation of

9    California law.  Plaintiff's claims, therefore, are typical.

10    15. **Superiority:**  A class action is the superior means of litigating the Class' claims.  The claims

11    set forth herein are based on Defendant's systemic treatment of the Class members and, as such, the

12    same body of evidence necessary to prove one claim would be accessed to prove each Class member's

13    claim.  Proof of Defendant's wrongdoing may be shown by a common body of evidence, including but

14    not limited to Defendant's written policies and procedures.  It is preferable, from an efficiency and case

15    management standpoint, that the claims of all of the Class members be litigated as a single litigation,

16    rather than as thousands of individual claims.

17    

**FIRST CAUSE OF ACTION**

18    **FOR FAILURE TO PROVIDE COMPLIANT REST BREAKS**

19    **(Cal. Lab. Code §§ 226.7; IWC Wage Order No. 7 § 12)**

20    16.  Plaintiff incorporates by reference the preceding paragraphs of this complaint as though set

21    forth in full.

22    17.  California Labor Code § 226.7 provides as follows:

23    (a) No employer shall require any employee to work during any meal or rest period

24    mandated by an applicable order of the Industrial Welfare Commission.

25    (b) If an employer fails to provide an employee a meal period or rest period in
accordance with an applicable order of the Industrial Welfare Commission, the employer

26    shall pay the employee one additional hour of pay at the employee's regular rate of
compensation for each work day that the meal or rest period is not provided.

27

28    / / /

18.  The applicable Wage Order requires rest breaks be provided as follows:

Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate often (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

19. In order for a rest break to be considered valid under California Law "employers [must] relinquish any control over how employees spend their break time"; additionally "employees must not only be relieved of work duties, but also be freed from employer control over how they spend their time." *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, 260, 270, as modified on denial of reh'g (Mar. 15, 2017)

20. Defendant maintains a uniform written policy and practice of compelling employees to remain at the ready and tethered to company premises at all times during each of their purported "rest breaks" in violation of the California requirement to relieve employees of all work duties and employer control during 10-minute rest periods.

21. Due to Defendant's policy of retaining control over its employees during all purported "rest periods", said rest periods are in actuality illegal "on-call" and/or "on-duty" periods that do not satisfy California's rest period requirements.

22. For the reasons discussed herein and above, Defendant violated Section 226.7 by failing to provide the rest periods required by Section 226.7 and the applicable wage order, and by failing to provide one hour pay at the employees' regular rate of compensation for each work day that the rest period was not provided and one hour pay at the employees' regular rate of compensation for each work day that the rest period is not provided.

### SECOND CAUSE OF ACTION

### FOR FAILURE TO ACCURATELY REPORT ITEMIZED TIME AND WAGES

### (Labor Code §§ 226, 1174, et seq.; Wage Order)

23.  Plaintiff incorporates by reference the preceding paragraphs of this complaint as though set forth in full.

24. Labor Code § 226 and the Wage Order require Defendant to provide to Plaintiff and the members of the class, at the time of the payment of wages, "an accurate itemized statement" in writing that states, *inter alia*, all wages earned, all applicable pay rates, and all hours worked.

25. The statements presented to Plaintiff and the class members were/are not correct or accurate in that they failed to account for all time worked, including premium wages for missed rest breaks.

26. As a result of these violations, Plaintiff and the members of the class suffered actual injury, insofar as they were completely dependent on Defendant to capture and report hours worked, calculate proper rates of pay, identify tardy and/or abbreviated and/or missed rest breaks, and identify "reporting time" violations. Defendant's failure to accurately report these items resulted in the employees not receiving all compensation owed to them, in violation of California law, as set forth herein.

27. Any employer who fails to maintain such records or to accurately maintain such records is subject to a civil penalty, under Labor Code section 1174.5 and under the Wage Order. Plaintiff and putative class members are entitled to the civil penalties imposed by the Labor Code and the applicable Wage Order.

28. Plaintiff and putative class members are entitled to the civil penalties imposed by the Labor Code and the applicable Wage Order.

## THIRD CAUSE OF ACTION

### FAILURE TO PAY ALL EARNED WAGES

### UPON SEPARATION FROM EMPLOYMENT

### (Labor Code §§ 200-203)

29. Plaintiff incorporates by reference the preceding paragraphs of this complaint as though set forth in full.

30. Labor Code §§ 201 and 202 require that Defendant pays its employees all wages due within 24 hours after a discharge or 72 hours after a resignation from employment, if the employee has given less than 72 hours notice. Labor Code § 203 provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the employee's daily wage until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

31. Plaintiff was separated from Defendant's employ in July 11, 2017. Plaintiff and subclass

members were not paid for all earned wages at the time of their separation from Defendant's employ, including premium wages for rest periods that were not provided.

32. More than 30 days have passed since Plaintiff and subclass members terminated from their employment with Defendant. Defendant has not paid Plaintiff and each subclass member, whose employment has ended, all wages owed. As a consequence of Defendant's willful conduct in not paying Plaintiff and each subclass member all earned wages at the time their employment with Defendant ended, Plaintiff and each terminated subclass member is entitled to 30 days' wages as a penalty under Labor Code § 203.

## FOURTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES

### (Bus. & Prof. Code §§ 17200, *et seq.*)

33. Plaintiff repeats and realleges by reference the allegations set forth above, as though set forth herein in full.

34. Defendant's failure to provide required rest breaks constitutes an unlawful and unfair business practice under Bus. & Prof. Code §§ 17200, *et seq.*).

35. Defendant's employment practices undermine California's wage and hour laws reflect the strong public policy favoring protection of workers' general welfare and society's interest in a stable job market.

36. The gravity of harm Defendant's employment practices places on its employees substantially outweighs any utility, reasons, justifications, and motives Defendant can provide for these practices.

37. Plaintiff seeks, on behalf of himself and all others similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendant by means of the unfair practices complained of herein.

38. Plaintiff seeks, on behalf of himself and all others similarly situated, an injunction to prohibit Defendant from continuing to engage in the unfair business practices complained of herein.

WHEREFORE, Plaintiff prays for judgment for herself and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1. For an order certifying the proposed class;

---

2.   For an order appointing Plaintiff as the representative of the class as described herein;

3.   For an order appointing Plaintiff's counsel as Class Counsel;

4.   For payment of premium wages for untimely, abbreviated, and/or missed rest breaks;

5.   For "reporting time" pay;

6.   For penalties and all relief afforded pursuant to Labor Code § 226 and the Wage Order;

7.   For waiting time penalties according to proof pursuant to Labor Code § 203;

8.   For restitution to Plaintiff and others similarly affected members of the general public of all funds unlawfully acquired by Defendants by means of any of the acts or practices declared by this Court to constitute violations of Bus. & Prof. Code §§ 17200 *et seq.* and for an injunction to prohibit DEFENDANTS from engaging in the unfair business practices complained of herein, for an injunction requiring Defendants to give notice to persons to whom restitution is owing of the means to file for restitution;

9.   For attorneys' fees and costs as provided by Labor Code §§ 218.5, 226, 226.7, and Code of Civil Procedure § 1021.5; and,

10.  For such other and further relief as the Court deems just and proper.


DATED:  March 5, 2018                    **MARLIN & SALTZMAN, LLP**
                                         **DAVTYAN, PLC**


                                         By: _____
                                             Stanley D. Saltzman, Esq.
                                             Cody R. Kennedy, Esq.
                                             Attorneys for Plaintiff and
                                             the Proposed Class

## DEMAND FOR JURY TRIAL

Plaintiff, for herself and the class, hereby demands a jury trial as provided by California law.

DATED:  March 5, 2018

**MARLIN & SALTZMAN, LLP**
**DAVTYAN, PLC**

By: _____
Stanley D. Saltzman, Esq.
Cody R. Kennedy, Esq.
Attorneys for Plaintiff and
the Proposed Class



**Exhibit B**

**Page 25**

 **CT Corporation**

**Service of Process Transmittal**
04/04/2018
CT Log Number 533097757

TO:    Employee Relations
       Target Corporation
       33 South 6th Street, CC-1810
       Minneapolis, MN 55402

RE:    **Process Served in California**

FOR:   Target Corporation  (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ARMANDO DE LA CRUZ, individually and on behalf of all others similarly situated, Pltf. vs. TARGET CORPORATION, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Demand, Cover Sheet, Notice(s), Stipulation |
| **COURT/AGENCY:** | San Diego County - Superior Court - San Diego, CA Case # 37201800011389CUOECTL |
| **NATURE OF ACTION:** | Employee Litigation - Class Action - Failure to Timely and Properly Provide Rest, Accurately Itemize and Report Wages, Hours, and Pay Rates and to Pay All Earned Wages at Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/04/2018 at 14:50 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Stanley D. Saltzman MARLIN & SALTZMAN, LLP 29800 Agoura Rd,, Suite 210 Agoura Hills, CA 91301 818-991-8080 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/06/2018, Expected Purge Date: 04/11/2018 |
| | Image SOP |
| | Email Notification,  Employee Relations  CT.Service@target.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / HS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**Page 26**

**SUMMONS**

**SUM-100**

*(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** TARGET CORPORATION and DOES 1
*(AVISO AL DEMANDADO):* through `100, inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**03/06/2018** at 04:37:00 PM

Clerk of the Superior Court
By Valeria Contreras, Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:** ARMANDO DE LA CRUZ,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individually and on
behalf of all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

| | CASE NUMBER: *(Número del Caso):* 37-2018-00011389-CU-OE-CTL |

SAN DIEGO COUNTY SUPERIOR COURT
330 W. Broadway
330 W. Broadway
San Diego, CA  92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stanley D. Saltzman, Esq. (SBN 90058)    (818) 991-8080  (818) 991-8081
Cody R. Kennedy, Esq. (SBN 296061)
MARLIN & SALTZMAN, LLP
29800 Agoura Road, Suite 210, Agoura Hills, CA  91301

DATE:    03/07/2018                     Clerk, by *V Contreras* _____, Deputy
*(Fecha)*                               *(Secretario)*   V. Contreras          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Target Corporation

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 4/4/18

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Stanley D. Saltzman, Esq. (SBN 90058)<br>Cody R. Kennedy, Esq. (SBN 296061)<br>MARLIN & SALTZMAN, LLP<br>29800 Agoura Road, Suite 210<br>Agoura Hills, CA 91301<br>TELEPHONE NO.: (818) 991-8080   FAX NO.: (818) 991-8081<br>ATTORNEY FOR (Name): Plaintiff | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**03/06/2018 at 04:37:00 PM**<br><br>Clerk of the Superior Court<br>By Valeria Contreras,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division - Hall of Justice

CASE NAME: DE LA CRUZ v. TARGET

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2018-00011389-CU-OE-CTL |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount demanded<br>exceeds $25,000)   (Amount demanded<br>is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Joel R. Wohlfeil<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)

- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve   in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply):
   a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

4. Number of causes of action (specify): four (4)

5. This case [X] is [ ] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 6, 2018

Cody R. Kennedy, Esq.
_____          ►  _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>SD-CV51 |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.**
If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.**
In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (not asbestos or toxic/environmental) (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (not civil harassment) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (not medical or legal)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)
  Contract/Warranty Breach–Seller Plaintiff (not fraud or negligence)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (not provisionally complex) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (not eminent domain, landlord/tenant, or foreclosure)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (arising from provisionally complex case type listed above) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (non-domestic relations)
  Sister State Judgment
  Administrative Agency Award (not unpaid taxes)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified above) (42)
  Declaratory Relief Only
  Injunctive Relief Only (non-harassment)
  Mechanics Lien
  Other Commercial Complaint Case (non-tort/non-complex)
  Other Civil Complaint (non-tort/non-complex)
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (not specified above) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
| **STREET ADDRESS:** 330 W Broadway | |
| **MAILING ADDRESS:** 330 W Broadway | |
| **CITY AND ZIP CODE:** San Diego, CA 92101-3827 | |
| **BRANCH NAME:** Central | |
| **TELEPHONE NUMBER:** (619) 450-7073 | |

**PLAINTIFF(S) / PETITIONER(S):**   Armando De La Cruz

**DEFENDANT(S) / RESPONDENT(S):** Target Corporation

DE LA CRUZ VS TARGET CORPORATION [E-FILE]

| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE** | **CASE NUMBER:** 37-2018-00011389-CU-OE-CTL |
|---|---|

## CASE ASSIGNMENT

Judge:  Joel R. Wohlfeil                                        Department: C-73

## COMPLAINT/PETITION FILED: 03/06/2018

| **TYPE OF HEARING SCHEDULED** | **DATE** | **TIME** | **DEPT** | **JUDGE** |
|---|---|---|---|---|
| Civil Case Management Conference | 08/10/2018 | 01:30 pm | C-73 | Joel R. Wohlfeil |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases or guidelines and procedures.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

**CASE NUMBER: 37-2018-00011389-CU-OE-CTL      CASE TITLE: De La Cruz vs Target Corporation [E-FILE]**

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
> **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
> **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
> **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Page 31**

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | |

| PLAINTIFF(S): Armando De La Cruz |
|---|

| DEFENDANT(S): Target Corporation |
|---|

| SHORT TITLE: DE LA CRUZ VS TARGET CORPORATION [E-FILE] |
|---|

| STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2018-00011389-CU-OE-CTL |
|---|---|

Judge: Joel R. Wohlfeil                                    Department: C-73

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                 ☐ Non-binding private arbitration

☐ Mediation (private)                         ☐ Binding private arbitration

☐ Voluntary settlement conference (private)    ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

Name of Plaintiff                              Name of Defendant

Signature                                      Signature

Name of Plaintiff's Attorney                   Name of Defendant's Attorney

Signature                                      Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 03/07/2018                              _____
                                               JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)     STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION                Page: 1



**Exhibit C**

**Page 34**

1 | JULIE A. DUNNE, Bar No. 160544
2 | MATTHEW B. RILEY, Bar No. 257643
  | LITTLER MENDELSON, P.C.
3 | 501 W. Broadway
  | Suite 900
  | San Diego, CA 92101.3577
4 | Telephone:    619.232.0441
  | Fax No.:      619.232.4302

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**05/01/2018** at 01:40:00 PM
Clerk of the Superior Court
By Richard Day, Deputy Clerk

Attorneys for Defendant
TARGET CORPORATION

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO

ARMANDO DE LA CRUZ, individually and on behalf of all others similarly situated,

Plaintiff,

v.

TARGET CORPORATION and DOES 1 through 100, inclusive,

Defendants.

Case No. 37-2018-00011389-CU-OE-CTL

ASSIGNED FOR ALL PURPOSES TO JUDGE JOEL R. WOHLFIEL, DEPT. C-73

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT**

Trial Date: None Set
Complaint Filed: March 6, 2018

Defendant TARGET CORPORATION ("Defendant") hereby answers the unverified Class Action Complaint ("Complaint") filed by Plaintiff ARMANDO DE LA CRUZ ("Plaintiff").

## **GENERAL DENIAL**

Pursuant to California Code of Civil Procedure § 431.30(d), Defendant generally denies each and every material allegation and cause of action contained in the Complaint and further denies that Plaintiff or any other putative class member has been damaged in any manner or amount whatsoever as a result of any act or omission on the part of Defendant. Defendant also denies that this case is suitable for class or representative treatment.

/ / / /

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619.232 0441

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT

**Page 35**

# AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to the Complaint and each cause of action therein. By asserting the defenses, Defendant does not waive Plaintiff's burden to prove each of his causes of action, and Defendant does not concede that it has the burden of production or proof as to any affirmative defense asserted below. Defendant also expressly denies the existence of any alleged putative group of persons Plaintiff purports to represent in this lawsuit. Defendant incorporates (as if fully set forth therein) this express denial each and every time it references "Plaintiff." Defendant has insufficient knowledge or information concerning the conduct of Plaintiff and the putative class members to state all affirmative defenses at this time. Defendant reserves the right to seek leave of Court to amend this Answer should it later discover facts demonstrating the existence of additional defenses or claims.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint and each and every purported cause of action alleged therein fails to state facts sufficient to constitute a claim upon which relief can be granted. Defendant alleges that, in accordance with California law, Defendant authorized and permitted Plaintiff and putative class members to take rest breaks of at least ten minutes in duration for every four hours of work or major fraction thereof or paid an additional penalty when required by California law. Defendant further alleges that Plaintiff's second, third, and fourth causes of action each fail to state facts sufficient to constitute a cause of action to the extent they are derivative causes of action. Defendant further alleges that because it did not commit the violations that form the bases for the underlying substantive claim, these causes of action must fail as well.

## SECOND AFFIRMATIVE DEFENSE

### (No Hindrance)

Plaintiff and/or the alleged putative class members' rest period-related claims are barred, in whole or in part, because Defendant did not discourage or impede Plaintiff and/or the alleged putative class members from taking lawful rest breaks.

/ / / /

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

2.

**THIRD AFFIRMATIVE DEFENSE**

**(No Standing for Labor Code Violations)**

Plaintiff lacks standing to bring this action for, and the court lacks jurisdiction to award, certain of the penalties sought in the Complaint, including California Labor Code § 1174.5, as such penalties may only be imposed in a proceeding brought by the California Labor Commissioner.

**FOURTH AFFIRMATIVE DEFENSE**

**(Statutes of Limitations)**

Plaintiff's Complaint, and each and every cause of action therein, is barred either in whole or in part by the statutes of limitations set forth in California Labor Code § 203 [Three Years], California Code of Civil Procedure §§ 338 [Three Years] and 340 [One Year], and/or California Business and Professions Code § 17208 [Four Years].

**FIFTH AFFIRMATIVE DEFENSE**

**(Breach of Duties)**

Plaintiff's and/or putative class member claims are barred by their own breach of duties owed to Defendant, including but not limited to those under California Labor Code §2856.

**SIXTH AFFIRMATIVE DEFENSE**

**(Business Reasons)**

The Complaint, and each of its causes of action, is barred in whole or in part because Defendant had an honest, good-faith belief that all decisions with respect to Plaintiff's employment were made by Defendant solely for legitimate, business-related reasons and were reasonably based upon the facts as Defendant understood them including, but not limited to, Defendant's belief that upon the termination of Plaintiff's employment, Defendant did not owe Plaintiff any additional amounts, whether by way of wages or otherwise.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

Any violation of the Labor Code or an order of the Industrial Welfare Commission was an act or omission made in good faith and Defendant had reasonable grounds for believing that the act or omission was not a violation of the California Labor Code or any order of the Industrial Welfare

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

3.

Commission and that, accordingly, it has not willfully or intentionally failed to pay additional compensation to Plaintiff and/or the putative class members, and no waiting time penalties should be awarded Plaintiff or any putative class members for any violation thereof that may be found to exist.

## EIGHTH AFFIRMATIVE DEFENSE

### (Bona Fide Dispute)

There exists a bona fide dispute as to whether Defendant provided rest breaks in accordance with California law, whether any additional compensation is actually due to Plaintiff or to any putative class member, and if so, the amount thereof. Therefore, Plaintiff cannot bring a claim for unpaid wages, penalties, or derivative claims for failure to provide a compliant rest period.

## NINTH AFFIRMATIVE DEFENSE

### (No Waiting Time Penalties for Employees)

Plaintiff has failed to state facts sufficient to constitute a claim for waiting time penalties under California Labor Code § 203 to the extent that any person claiming such penalties was still employed at the time this action was filed.

## TENTH AFFIRMATIVE DEFENSE

### (No Injury or Standing for Wage Statements)

Even if Defendant failed to provide Plaintiff and/or members of the putative class with accurate itemized wage statements, which Defendant denies, Plaintiff and the putative class did not suffer injury as a result of such failure and so lack standing to assert a claim under California Labor Code § 226.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Standing For Equitable Relief)

Plaintiff and/or the putative class members are not entitled to equitable relief with respect to any and all alleged violations of California Labor Code and/or California Business and Professions Code § 17200 *et seq.* to the extent that such alleged violations have discontinued, ceased and/or are not likely to recur.

////

////

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101 3577
619 232 0441

4.

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT

**Page 38**

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Injury to Competition)**

Plaintiff's claim for unfair business practices is barred because Plaintiff cannot show an injury to competition, as distinguished from injury to himself, the existence of which Defendant expressly denies.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Prejudgment Interest)**

The Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Losses or Harm Not Caused by Defendant)**

Plaintiff's Complaint cannot be maintained against Defendant because any alleged losses or harms sustained by Plaintiff and any putative class members, which Defendant denies, resulted from causes other than any act or omission, if any, by Defendant.  Thus, Defendant was not the cause in fact or legal cause of the alleged harm.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Plaintiff Deceived Defendant)**

The Complaint cannot be maintained against Defendant to the extent that Plaintiff failed to receive all wages due because he intentionally deceived Defendant regarding the hours worked during the course of his employment, thereby relieving Defendant of liability for waiting time penalties under California Labor Code § 203.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Unconstitutional – Retroactive Liability)**

Defendant alleges that it would be unconstitutional and a violation of due process to impose retroactive liability based on the California Supreme Court's interpretation of California law in *Augustus v. ABM Security Servs., Inc.*, 2 Cal. 5th 257 (2016) and/or the California Division of Labor Standards Enforcement's interpretation of the *Augustus* decision.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

5.

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT

**Page 39**

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unconstitutional – Replicating Penalties Violate Due Process)

The imposition of replicating individual penalties would deprive Defendant of its fundamental constitutional rights to due process under the Fourteenth Amendment of the United States Constitution and under the Constitution and laws of the State of California. *See State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003); *People ex. rel. Lockyer v. R.J. Reynolds*, 37 Cal. 4th 707, 727-28 (2005).

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Unconstitutional – Excessive Fines)

To the extent Plaintiff and/or the putative class seek civil or statutory penalties, such claims violate the Fifth, Fourteenth and Eighth Amendments of the United States Constitution and also violate Article 1, sections 7 and 8 of the California Constitution, including the prohibition against excessive fines.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Unconstitutional – Defendant's Due Process)

Certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Unconstitutional – Business and Professions Code Claim Violates Due Process)

The prosecution of a representative action under California Business and Professions Code § 17200 *et seq.*, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the California Constitution and the Fourteenth Amendment to the United States Constitution.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Unconstitutionally Vague Wage Orders)

The Complaint, and each of its causes of action, is barred because the applicable statutes and the applicable wage orders of the California Industrial Welfare Commission are unconstitutionally

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

6.

1    vague and ambiguous as applied to the facts and circumstances of this case.

2    **TWENTY-SECOND AFFIRMATIVE DEFENSE**

3    **(Penalties Unjust, Arbitrary and Oppressive or Confiscatory)**

4    Defendant alleges that Plaintiff and the putative class are not entitled to recover any civil

5    penalties because, under the facts and circumstances of this case, any such recovery would be unjust,

6    arbitrary, oppressive and confiscatory.

7    **TWENTY-THIRD AFFIRMATIVE DEFENSE**

8    **(Estoppel)**

9    Plaintiff is estopped from pursuing the claims in the Complaint, and each of its purported

10    causes of action, by reason of Plaintiff's own actions and course of conduct.

11    **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

12    **(Laches)**

13    The Complaint and each and every purported cause of action alleged therein is barred in

14    whole or in part by the equitable doctrine of laches.

15    **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

16    **(Unclean Hands)**

17    The Complaint and each and every purported cause of action alleged therein is barred in

18    whole or in part by the equitable doctrine of unclean hands.

19    **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

20    **(Waiver)**

21    The Complaint and each and every purported cause of action alleged therein is barred in

22    whole or in part by waiver. Plaintiff waived the right, if any, to pursue the Complaint by reason of

23    Plaintiff's and/or the putative class's own actions and conduct, including, but not limited to: (1) their

24    failure to take rest breaks that were provided to them in compliance with California law; (2) their

25    decision not to take the rest breaks that were authorized and permitted; (3) their failure to complain

26    about the legal violations alleged in the Complaint; and (4) their voluntary decision to remain on

27    Defendant's premises during rest breaks.

28    ////

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

7.

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT

**Page 41**

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Class Action - No Standing)

Plaintiff lacks standing as a representative of the proposed class and does not and cannot adequately represent the putative class members as to some or all claims. Defendant alleges that it: never failed to authorize and permit Plaintiff to take rest breaks in violation of California law; provided accurate itemized wage statements to Plaintiff; and paid timely final wages to Plaintiff. Plaintiff is a former employee who is not currently suffering any of the alleged wage and hour violations alleged in this Complaint and does not stand to benefit from prospective injunctive or declaratory relief. Accordingly, Defendant alleges Plaintiff does not have standing to represent the putative class or subclass or to seek prospective injunctive or declaratory relief.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Class Action – Requirements Not Met)

Plaintiff has failed to and cannot satisfy the requirements for the maintenance of a class action including, without limitation, numerosity, ascertainability, predominance, superiority, typicality, adequacy of both the proposed class representative and proposed class counsel, and Defendant further alleges that public policy considerations do not favor class certification in this case.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Class Action – Due Process/Class Certification)

Defendant alleges that adjudication of Plaintiff's claims on a class-wide basis would violate Defendant's due process rights and right to a trial by jury in violation of the United States Constitution and the California Constitution, including the right to cross-examine each putative class member under oath and to present facts to defend each putative class member's individual causes of action. *See State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003); *People ex. rel. Lockyer v. R.J. Reynolds*, 37 Cal. 4th 707, 727-28 (2005).

////

////

////

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

8.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Class Action – No Damages)

This case cannot be tried on a representative basis or with the use of statistical sampling consistent with due process because the use of representative evidence or statistical sampling would result in damages being awarded to those who have suffered no injury and have no legal right to damages.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (*Res Judicata* and Collateral Estoppel)

Plaintiff's Complaint and each cause of action set forth therein are barred, in whole or in part, by the doctrines of *res judicata* and/or collateral estoppel.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Set-Off from Related Cases or Charges)

Even if Plaintiff and/or the putative class members are entitled to any compensation as a result of the Complaint and each cause of action set forth therein, which Defendant denies, any such compensation must be setoff in an amount equal to the amount(s) recovered by and/or previously paid to Plaintiff and/or putative class members for the same or similar claims asserted in any related cases or charges, so as to prevent unjust enrichment of Plaintiff and the putative class members.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Set-Off from Amounts Paid)

If Plaintiff and/or members of the putative class succeed in establishing any violation of the law, and to the extent any sums are found due and owing to Plaintiff and/or members of the putative class, Defendant is entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiff over and above his wages.

////

////

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

The claims asserted are barred to the extent Plaintiff and/or putative class members released the claims and damages sought and/or acknowledged an accord and satisfaction of any claim asserted in the Complaint.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (*De Minimis*)

The Complaint, and each of its causes of action, is barred in whole or in part because recovery from Defendant, if any, would be *de minimis*.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Defendant alleges that recovery for Plaintiff and the putative class in this action is barred in whole or in part by their failure to exercise reasonable care and diligence to mitigate any damages allegedly accruing to them.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that:

1.      The Complaint be dismissed in its entirety, with prejudice, and that Plaintiff take nothing by way of his Complaint;

2.      Judgment be entered against Plaintiff and in favor of Defendant on each cause of action in the Complaint;

3.      Defendant be awarded its costs of suit incurred herein to the extent permitted under applicable law; and

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

10.

1      4.     The Court award Defendant such other and further relief as it deems appropriate.

2

3   Dated:  May 1, 2018

4

5                                                    _____
                                                     JULIE A. DUNNE
6                                                    MATTHEW B. RILEY
                                                     LITTLER MENDELSON, P.C.
7                                                    Attorneys for Defendant
                                                     TARGET CORPORATION
8

9

10

11   Firmwide:154192054.4 097721.1001

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11.

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT

POS-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

JULIE A. DUNNE, SBN 160544; MATTHEW B. RILEY, SBN 257643
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101-3577
TELEPHONE NO.: (619) 232-0441    FAX NO. *(Optional):* (619) 232-4302
E-MAIL ADDRESS *(Optional):* jdunne@littler.com; mriley@littler.com
ATTORNEY FOR *(Name):* Target Corporation

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**05/01/2018** at 01:40:00 PM

Clerk of the Superior Court
By Richard Day, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, CA  9201
BRANCH NAME: Central

PLAINTIFF/PETITIONER: ARMANDO DE LA CRUZ

DEFENDANT/RESPONDENT: TARGET CORPORATION

| **PROOF OF SERVICE—CIVIL** | CASE NUMBER:<br>37-2018-00011389-CU-OE-CTL |
|---|---|

**Check method of service *(only one)*:**

| ☐ By Personal Service | ☒ By Mail | ☐ By Overnight Delivery | JUDGE: Joel R. Wohlfeil |
|---|---|---|---|
| ☐ By Messenger Service | ☐ By Fax | ☐ By Electronic Service | DEPT.: C-73 |

***(Do not use this proof of service to show service of a Summons and complaint.)***

1. At the time of service I was over 18 years of age and **not a party to this action.**

2. My residence or business address is:
   501 W. Broadway, Suite 900, San Diego, CA  92101-3577.

3. ☐  The fax number or electronic service address from which I served the documents is *(complete if service was by fax or electronic service):*

4. On *(date):* May 1, 2018          I served the following **documents** *(specify):*

   SEE ATTACHED

   ☒  The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:

   a. Name of person served:  **SEE ATTACHED**

   b. ☐  *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
      Business or residential address where person was served:
      **SEE ATTACHED**

   c. ☐  *(Complete if service was by fax or electronic service.)*
      (1) Fax number or electronic service address where person was served:

      (2) Time of service:

   ☒  The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):* **U.S. MAIL**

   a. ☐  **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

Page 1 of 4

Form Approved for Optional Use
Judicial Council of California
POS-040 [Rev. July 1, 2011]

**PROOF OF SERVICE—CIVIL**
(Proof of Service)

Code of Civil Procedure, §§ 1010.6, 1011, 1013, 1013a,
2015.5; Cal. Rules of Court, rules 2.260, 2.306
www.courts.ca.gov

American LegalNet, Inc.
www.FormsWorkFlow.com

Page 46

POS-040

| CASE NAME | CASE NUMBER: |
|---|---|
| Armando De La Cruz v. Target Corporation | 37-2018-00011389-CU-OE-CTL |

6. b. ☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):*

(1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

(2) ☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):* San Diego, California

c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. ☐ **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in item 5.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 1, 2018

Maria Ruvalcaba
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

**DECLARATION OF MESSENGER**

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

**Page 2 of 4**

POS-040 [Rev. July 1, 2011]

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**



POS-040(D)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| —Armando De La Cruz v. Target Corporation | 37-2018-00011389-CU-OE-CTL |

## ATTACHMENT TO PROOF OF SERVICE— CIVIL (DOCUMENTS SERVED)
### (This Attachment is for use with form POS-040)

The documents that were served are as follows *(describe each document specifically)*:

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT**

Form Approved for Optional Use
Judicial Council of California
POS-040(D) [New January 1, 2005]

**ATTACHMENT TO PROOF OF SERVICE—CIVIL (DOCUMENTS SERVED**
(Proof of Service)

Page 3 of 4

American LegalNet, Inc.
www.USCourtForms.com

Page 48

POS-040(P)

| SHORT TITLE:<br>Armando De La Cruz v. Target Corporation | CASE NUMBER:<br>37-2018-00011389-CU-OE-CTL |
|---|---|

## ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)
*(This attachment is for use with form POS-040.)*

**NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:**

| <u>Name of Person Served</u> | <u>Where Served</u> | <u>Time of Service</u> |
|---|---|---|
| *(If the person served is an attorney, the party or parties represented should also be stated.)* | *(Provide business or residential address where service was made by personal service, mail, overnight delivery, or messenger service. For other means of service, provide fax number or electronic service address, as applicable.)* | *(Complete for service by fax transmission or electronic service.)* |
| Stanley D. Saltzman, Esq.<br>Cody R. Kennedy, Esq.<br><u>Attorney for Plaintiff</u><br>Armando De La Cruz | Stanley D. Saltzman, Esq.<br>Cody R. Kennedy, Esq.<br>Marlin & Saltzman, LLP<br>29800 Agoura Rd., Suite 210<br>Agoura Hills, CA 91301<br>Tel.:    818.991.8080<br>Fax:     818.991.8081<br>Email:  ssaltzman@marlinsaltzman.com<br>Email:  ckennedy@marlinsaltzman.com | Time: _____ |
| Emil Davtyan, Esq.<br><u>Attorney for Plaintiff</u><br>Armando De La Cruz | Emil Davtyan, Esq.<br>Davtyan, PLC<br>21900 Burbank Boulevard, Suite 300<br>Woodland Hills, CA 91367<br>Tel:    818.992.2935<br>Fax:    818.975.5525<br>Email:  Emil@davtyanlaw.com | Time: _____ |
|  |  | Time: _____ |
|  |  | Time: _____ |
|  |  | Time: _____ |
|  |  | Time: _____ |
|  |  | Time: _____ |
|  |  | Time: _____ |
|  |  | Time: _____ |

**ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)**
**(Proof of Service)**

