# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO DE LA CRUZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 18-cv-0867 DMS (WVG)<br><br>**ORDER GRANTING MOTION TO DISMISS, OR IN THE ALTERNATIVE, STAY ACTION PURSUANT TO FIRST-TO-FILE RULE** |

Pending before the Court is Defendant Target Corporation's motion to dismiss, or in the alternative, stay action pursuant to first-to-file rule. Plaintiff Armando De La Cruz filed an opposition, and Defendant filed a reply. For the following reasons, the motion is granted.

## I.
## BACKGROUND

On March 6, 2018, Plaintiff filed a wage and hour class action lawsuit on behalf of current and former employees of Defendants in San Diego County Superior Court. Plaintiff seeks to represent a class consisting of "Defendant's [non-exempt] California employees employed during the time frame commencing four years prior to the filing of the original complaint in this matter up to and including the present[.]"

(Compl. ¶ 10.) Plaintiff alleges the following claims for relief: (1) failure to provide rest periods, in violation of Cal. Labor Code §§ 226.7 and 512 and the applicable IWC wage order, (2) failure to provide accurate itemized wage statements, in violation of Cal. Labor Code § 226 and the applicable IWC wage order, (3) waiting time penalties for failure to timely pay wages under Cal. Labor Code § 203, and (4) unlawful and unfair business practices, in violation of Cal. Bus. & Prof. Code § 17200 et seq. Plaintiff alleges, in part, Defendant maintained a policy and practice of compelling employees to remain on company premises at all times thereby denying the employees their legally mandated rest breaks.

On May 4, 2018, Defendant removed the action to this Court pursuant to the Class Action Fairness Act. On June 28, 2018, Defendant filed the present motion, seeking dismissal, or in the alternative, a stay of the action pursuant to the first-to-file rule. Specifically, Defendant contends Plaintiff is not the first to file a putative action alleging Defendant's non-exempt California employees were denied rest breaks based on its on-premises rest break policy. Defendant explains a substantially identical class action was filed in the Central District of California one year before Plaintiff initiated the present action. *See Halley v. Target Corp.*, Case No. 17-cv-00692-JGB-MRW (C.D. Cal. Mar. 6, 2017).

## II.
## DISCUSSION

The first-to-file rule "is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982) (citations omitted); *see Alltrade, Inc. v. Uniweld Prods.*, 946 F.2d 622, 623 (9th Cir. 1991) (stating first-to-file rule gives federal district courts discretion "to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court[.]"). "The first-to-file rule was developed to serve[ ] the purpose of promoting

efficiency well and should not be disregarded lightly." *Alltrade*, 946 F.2d at 625 (internal quotation marks and citations omitted). Courts analyze three factors to determine the applicability of the first-to-file rule: (1) "chronology of the lawsuits," (2) "similarity of the parties," and (3) "similarity of the issues." *Kohn Law Grp., Inc. v. Auto Parts Mfg., Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). The parties do not dispute the first-to-file rule applies to this case. Nonetheless, the Court will address whether the requirements for the first-to-file rule as satisfied.

The first factor, chronology of the lawsuits, "simply requires that the case in question was filed later in time." *Therapy Stores, Inc. v. JGV Apparel Grp.*, LLC, No. 4:16-CV-02588-YGR, 2016 WL 4492583, at *4 (N.D. Cal. Aug. 26, 2016) (citations omitted). This case was filed one year after *Halley*, and thus, this requirement is met. (*See* Request for Judicial Notice ("RJN"), Ex. 1.)[1]

The second factor, similarity of the parties, "does not require exact identity of the parties." *Kohn Law Grp., Inc.*, 787 F.3d at 1240 (citations omitted). Rather, the first-to-file rule "requires only substantial similarity of parties." *Id*. (citations omitted). The defendant in each case is the same. Although the named plaintiffs in each case are different, the classes they purport to represent are substantially similar. In fact, the putative class in the present action is entirely subsumed by the putative class in *Halley*. Specifically, the *Halley* action seeks to represent a class of "[a]ll non-exempt employees who were employed by Defendant in the State of California at any time from March 6, 2013 through the present[.]" (RJN, Ex. 1.) This requirement is therefore satisfied.

Lastly, the third factor requires the Court to look to the similarity of the issues

---

[1] Defendant's request for judicial notice as to the Complaint in the *Halley* action is granted. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("under Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'") (citation omitted). Defendant's request for judicial notice as to the remaining document is denied because the document contained therein is not necessary to the resolution of the present motion.

in the relevant actions. The first-to-file rule does not require identical issues or "exact parallelism," but requires substantial similarity of the issues. *See Kohn Law Grp., Inc.*, 787 F.3d at 1240; *see Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989) ("exact parallelism does not exist, but it is not required. It is enough if the two proceedings are 'substantially similar.'"). In order to determine whether the actions involve substantially similar issues, courts "look at whether there is 'substantial overlap' between the two suits." *Kohn Law Grp., Inc.*, 787 F.3d at 1240. Here, the parties agree the issues in the two actions are substantially similar. Like the present action, the *Halley* action brings claims against Defendant for failure to provide rest breaks, failure to provide accurate itemized wage statements, and unlawful and unfair business practices. The *Halley* action similarly alleges "Defendants required all of its employees to remain on Defendants' premises during rest breaks[.]" (RJN, Ex. 1 at 11.) Moreover, although not pleaded as a separate cause of action, *Halley* action also seek recovery of waiting time penalties for failure to timely pay wages. Thus, the third requirement is satisfied, and as a result, the first-to-file rule applies to this case.[2]

As noted, "when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, to stay, or to dismiss the second case in the interest of efficiency and judicial economy." *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). Although Plaintiff argues this suit should be stayed rather than dismissed, the Court finds that dismissal is more appropriate.[3] Plaintiff has not presented any compelling reasons to allow this action to proceed. For example, Plaintiff does not argue the first-filed action is likely to be dismissed, such that this action should be stayed, rather than dismissed. *See Alltrade*, 946 F.2d at 629 ("where the first-filed action presents a

---

[2] Plaintiff does not argue any of the exceptions to the first-to-file rule, i.e. bad faith, anticipatory suit, or forum shopping, are implicated here.

[3] Neither party requests a transfer of the present action to the Central District.

likelihood of dismissal, the second-filed suit should be stayed, rather than dismissed."). Nor does he argue the *Halley* action will provide insufficient remedies. *See Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 963 (N.D. Cal. 2008) ("Dismissal is proper where the court of first filing provides adequate remedies.") (citing *Alltrade*, 946 F.2d at 627–68)). If the *Halley* action results in a class settlement, the putative class members in this suit can obtain adequate relief, and Plaintiff will likewise have the opportunity to participate in the settlement or he may opt out to pursue his claims individually. In the event the *Halley* court denies class certification, Plaintiff may litigate his individual claims as an intervenor or pursue his individual claims in a separate lawsuit. The putative class members may also proceed with their individual claims in an appropriate forum. The proposed class and the issues presented are essentially identical to those presented in the *Halley* action, such that there is nothing to suggest this action would be certified while the *Halley* action would not. This case is at its infancy, and allowing this case to proceed would both impede judicial efficiency and run a significant risk of conflicting judgments. Thus, the Court exercises its discretion and grants Defendant's motion.

### III.
### CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the case based on the first-to-file-rule is granted. This action is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: August 8, 2018

Hon. Dana M. Sabraw
United States District Judge